FILED
SUPERIOR COURT
OF GUAM

2026 JUL -8 PM 4: 05

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRISTOPHER A. TORRES, *derivatively on behalf of* CHAMORRO EQUITIES, INC., a Guam Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT V. ULLOA, ET. AL.,<br><br>Defendants. | CIVIL CASE NO. CV0574-25<br><br><br>**DECISION AND ORDER DENYING MOTION TO STRIKE JURY DEMAND** |

In this shareholder derivative action, Defendants Robert V. Ulloa and BC Consulting LLC move to strike Plaintiff Christopher Torres' jury demand. They claim that as an action in equity, a shareholder derivative lawsuit carries no entitlement to a jury trial. The Court finds that because Torres asserts remedies at law, the claims shall be heard by a jury.

## I.   PROCEDURAL BACKGROUND

As a shareholder seeking relief on behalf of Chamorro Equities, Inc. ("CEI"), Torres demands a jury trial on the claims asserted against Defendants Ulloa, Kenneth E. Thompson, and Gerald D. Hartwick, who are shareholders and directors of CEI, and BC Consulting. V. Am. Compl. (May 5, 2026). The gravamen of the suit is that Defendants engaged in self-dealing, misappropriation of corporate assets, and actions that exposed CEI to legal and tax liabilities.

The following summarizes the general facts pled in the Complaint, as amended.[1]

---

[1] Torres amended the Complaint after the motion was filed. This makes no substantive difference as the requests for damages remain in the amended version. When referring to the "Complaint," the Court references the Amended Complaint filed on May 5, 2026.

ORIGINAL

According to Torres, CEI's By-laws authorize officer compensation only when payments are made directly to officers. *Id.* at 5–6. Nevertheless, CEI has paid Ulloa's monthly salary not to Ulloa but to BC Consulting, which is not an officer or a service provider, and has no legitimate business purpose with respect to CEI. *Id.* at 6. The Complaint alleges that this arrangement was orchestrated by Ulloa and knowingly permitted by Thompson and Hartwick, who had control of CEI and acted in concert. *Id.* at 7. The payments to BC Consulting were allegedly made despite Defendants' knowledge that CEI's By-laws prohibited such compensation structures, and despite Defendants' awareness that BC Consulting provided no services to CEI. *Id.* Torres asserts that these payments diverted corporate funds for Ulloa's personal benefit and placed CEI in violation of federal and Guam tax laws. *Id.* at 8–9. Among other alleged consequences, the Complaint states that CEI issued false K-1s and 1099s—reflecting Ulloa as the compensation recipient while paying BC Consulting instead—thereby exposing CEI to penalties, interest, and potential regulatory action. *Id.* at 8–10.

On this basis, Count One asserts that Ulloa, Thompson, and Hartwick breached their fiduciary duties of loyalty and care. *Id.* at 11. They are alleged to have engaged in intentional self-dealing, bad faith, and conduct not protected by the business judgment rule. *Id.* at 12. The Complaint attributes financial harm of $34,008 to CEI, representing misdirected compensation, together with unspecified penalties and interest associated with improper tax treatment. *Id.* at 13. The Complaint further seeks $102,024 in punitive damages and requests that the Court order forfeiture of the defendants' officer compensation during the period of the alleged breaches. *Id.*

Count Two alleges that BC Consulting aided and abetted the breaches of fiduciary duty. *Id.* at 13. As the entity that knowingly received Ulloa's officer compensation without any basis for doing so, BC Consulting is alleged to have substantially assisted the fiduciaries' wrongful



conduct. *Id.* at 14. The damages requested mirror those in Count One: $34,008 in compensatory damages and $102,024 in punitive damages. *Id.*

Count Three shifts to a different alleged abuse of authority. The Complaint recounts that at a CEI Board meeting on November 12, 2025, at which only Ulloa and Hartwick were present (constituting a quorum), they approved CEI's payment of legal fees for themselves and for Gerry in this very lawsuit. *Id.* at 15. They justified this using CEI By-law 10.01, which allows for indemnification of directors and officers. *Id.* The Complaint emphasizes the distinction between *indemnification*—available only after success on the merits—and *advancement* of fees, which requires separate authorization and a promise to repay if unsuccessful. According to the Complaint, CEI's By-laws authorize indemnification but not advancement, and Defendants nevertheless caused CEI to advance their litigation expenses without any evaluation of fairness, without disinterested shareholder approval, and without safeguards such as repayment undertakings. *Id.* at 15–16. The Complaint alleges that this conduct constitutes yet another breach of fiduciary duty and invokes the entire fairness doctrine, asserting that Defendants cannot demonstrate the fairness of advancing their own defense costs. *Id.* at 16. For this count, Torres seeks to recover the amounts already paid by CEI to Defendants' law firms and also punitive damages. *Id.* at 17. He also again requests forfeiture of Defendants' compensation during the period of breach. *Id.*

In the Prayer for Relief, the Complaint aggregates these requests: compensatory damages of $34,008 plus penalties and interest relating to Ulloa's compensation structure; punitive damages of $102,024 against each set of fiduciary defendants and BC Consulting; recovery of all advanced legal fees and treble punitive damages for Count Three; injunctive relief prohibiting Defendants from continuing the alleged schemes; forfeiture of all officer compensation paid



during the period of breach; and an award of costs, attorney's fees, and pre and post-judgment interest. *Id.* at 17–18.

## II.  LAW AND DISCUSSION

Ulloa and BC Consulting argue that because shareholder derivative actions are equitable in nature, they cannot be tried before a jury. Mem. P & A Supp. Ulloa Defs.' Mot. Strike Jury Demand (Jan. 9, 2026). Torres responds that because the underlying issues are legal in nature, his right to a jury must be preserved. Opp'n Defs. Ulloa & BC Consulting's Mot. Strike Jury Demand at 5 (Feb. 6, 2026).

The Court first turns to the governing statutory authority: Guam law preserves the right to a jury "[i]n all cases at law in which the demand . . . amounts to more than Twenty Dollars." 7 GCA § 22104. The Complaint demands recovery exceeding $20. Thus, the question is whether Torres has filed an action "at law."[2]

To make that determination, the United States Supreme Court has suggested a three-part inquiry: (1) how the issue was handled before the merger of law and equity occurred;[3] (2) the remedy sought; and (3) the practical abilities and limitations of juries. *Ross v. Bernhard*, 396 U.S. 531, 538 n.10 (1970). Guam statutory law and caselaw have not explored how to determine whether an action meets the "at law" test. Thus, the Court undertakes the approach in *Ross*.

---

[2] The parties debate whether the Seventh Amendment of the U.S. Constitution grants Torres the right to a jury trial. However, the Guam Supreme Court has found that this provision of the Seventh Amendment does not apply to Guam. *Newby v. Gov't of Guam*, 2010 Guam 4.

[3] In *Aflague v. Moylan ex rel. Est. of Moylan*, 2020 Guam 18 ¶ 21, the Guam Supreme Court recognized that the "courts of law and equity have long ago merged."

ORIGINAL

For the answer to the first question, it is universally accepted that shareholder derivative actions are traditionally actions in equity. As stated by the United States Supreme Court, "[t]he remedy made available in equity was the derivative suit, viewed in this country as a suit to enforce a corporate cause of action against officers, directors, and third parties." *Id.* at 534. More directly, "[t]he common law refused . . . to permit stockholders to call corporate managers to account in actions at law." *Id.* Notably, though, the present case exists in a post-merger world, meaning that there is now only one form of action—a civil one. Guam R. Civ. Proc. 2; *Aflague*, 2020 Guam 18 ¶ 22.

On the second question, the remedy sought—monetary relief—is traditionally considered legal relief. "[D]amages [are] the traditional form of relief granted by the common law courts." *In re U.S. Fin. Sec. Litig.*, 609 F.2d 411, 423 (9th Cir. 1979). "All money remedies . . . are treated as legal, even if, historically, equity courts had jurisdiction over the particular kind of claim." *Hyatt Bros., Inc. ex rel. Hyatt v. Hyatt*, 769 P.2d 329, 334 (Wyo. 1989). And in *Ross*, because the "relief sought is money damages," the shareholder derivative claim was a legal one. 396 U.S. at 542.

Notably, not all courts consider the plead remedy of damages to equate to a legal action. In *Weltzin v. Nail*, 618 N.W.2d 293, 297 (Iowa 2000), the Iowa Supreme Court denied a shareholder the right to a jury trial, maintaining that a "derivative suit exists only in equity." The court equated the monetary relief sought to restitution, rather than damages. *Id.* at 300. Other states disagree, however, and find that when a shareholder seeks monetary recovery, the action is a legal one for which there is a right to a jury trial. *See Depp Photonics Corp. v. LaChapelle*, 491 P.3d 60, 67 (Ore. 2021) (en banc); *Hyatt Bros., Inc.*, 769 P.2d 329.

ORIGINAL

Overall courts generally agree that the primary consideration is the nature of the issues at hand. *Hyatt Bros, Inc.*, 769 P.2d at 335; *Weltzin*, 618 N.W.2d at 299; *DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 837 (9th Cir. 1963). The Court adopts this view. An examination of the issues presented here reveals that they are primarily legal. Torres alleges that Defendants diverted $34,008 in corporate funds to BC Consulting, an entity that provided no services to CEI, and did so knowingly and in violation of CEI's By-laws. He seeks compensatory damages for that misappropriation, punitive damages of $102,024 for each count, penalties and interest arising from false K1s and 1099s, and recovery of advanced legal fees. These are classic legal remedies.

In addition, the factual disputes—whether Defendants engaged in intentional self-dealing, whether BC Consulting provided any legitimate services, whether legal fees were improperly advanced, and whether Defendants acted in bad faith—are precisely the type of issues juries are equipped to resolve. Although the Complaint includes a request for forfeiture of officer compensation, that equitable remedy is incidental to the dominant legal relief sought. Instead, the nature of the issues and the remedies requested render this an action at law for which Guam law preserves the right to a jury trial.

*Ross* lists a third consideration—the abilities and limitations of juries. This factor is a controversial one. In *Weltzin*, the Iowa Supreme Court believed the jury in that case could not hear a complex shareholder's derivates suit because "the intricate workings of a corporation[,] . . . the business judgment rule and breach of fiduciary duty are difficult to understand." 618 N.W.2d at 302. To the contrary, *In re U.S. Financial Securities Litigation* cautioned against thinking so lowly of jurors:



> The opponents of the use of juries in complex civil cases generally assume that jurors are incapable of understanding complicated matters. This argument unnecessarily and improperly demeans the intelligence of the citizens of this Nation. We do not accept such an assertion. Jurors, if properly instructed and treated with deserved respect, bring collective intelligence, wisdom, and dedication to their tasks, which is rarely equalled in other areas of public service.

609 F.2d at 429–30.

This Court agrees that Guam's juries have demonstrated competence in understanding corporate matters. Moreover, this case is hardly a complex one. At its core, this case is about whether a corporation's officers and directors improperly redirected payments. The case is not designated as complex on the case cover sheet, and although there have already been quite a few motions in this case relative to legal issues, the factual presentation of the issues before the jury will not be overly complicated. The Court therefore does not place undue reliance on this factor.

Overall, the Court zeroes in on how this action is pled as the determining factor. How the case is presented to this Court and nature of the relief sought are more persuasive in the treatment of whether the case is "at law" than utilizing a historical distinction of law vs. equity that for most purposes, is no longer relevant, or in disregarding juror competence. For this reason, the Court finds that the matter presented is one at law, qualified to be heard before a jury under section 22104.

## III. CONCLUSION

The overall nature of this action involves legal issues and legal remedies, despite historically being an equitable action. The Court therefore DENIES the motion to strike the jury demand.


ORIGINAL

**SO ORDERED** this 7 July 2026.



HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:

Joseph C. Razzano, Esq., Razzano Walsh & Torres, P.C., for Plaintiff Christopher A. Torres

Daniel J. Berman, Esq., Law Office of Daniel J. Berman, for Defendants Gerald D. Hartwick and Kenneth E. Thompson

Michelle F. Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendants Robert V. Ulloa and BC Consulting LLC


ORIGINAL